```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                         NORTHERN DIVISION


GARY W. ORR,                         )
                                     )
          Plaintiff,                 )
                                     )
     vs.                             )    Case No. 2:04-CV-0067 DDN
                                     )
JO ANNE B. BARNHART,                 )
Commissioner of Social Security,     )
                                     )
          Defendant.                 )
```

**MEMORANDUM**

This action is before the court for judicial review of the final decision of the defendant Commissioner of Social Security denying the application of plaintiff Gary W. Orr for disability benefits and supplemental security income benefits based on disability under Title II and XVI of the Social Security Act. A hearing was held January 5, 2006.

**Background**

Plaintiff brought this action alleging that the Administrative Law Judge wrongfully determined that he was not disabled. (Doc. 1 at 2.) Plaintiff underwent an aortic valve replacement to correct an aortic deficiency, and has degenerative joint disease of the right shoulder. He alleges these impairments render him disabled. Plaintiff alleges that the ALJ, when determining his RFC, did not give proper weight to the opinion of his treating physician; specifically, that the ALJ erred by not considering a letter from Charles H. Tillman, M.D., which stated that plaintiff experienced fatigue and should recline two times a day.

Defendant argues that the ALJ did not consider the letter because it was not available,[1] and that the letter was included in the record to

---

[1] This letter was not available at the time of the June 9, 2004 hearing, because it was not written until June 22, 2004. (Doc. 15 Ex. A.)

the Appeals Council. Defendant argues this court should determine how the ALJ would have ruled if he had received the letter.

**Discussion**

The court's role on review is to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. See Krogmeier v. Barnhart, 294 F.3d 1019, 1022 (8th Cir. 2002). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." Id.; Jones v. Barnhart, 335 F.3d 697, 698 (8th Cir. 2003). In determining whether the evidence is substantial, the court must consider evidence that detracts from, as well as supports, the Commissioner's decision. See Brosnahan v. Barnhart, 336 F.3d 671, 675 (8th Cir. 2003). So long as substantial evidence supports the final decision, the court may not reverse merely because opposing substantial evidence exists in the record or because the court would have decided the case differently. See Krogmeier, 294 F.3d at 1022.

Defendant argues that, even considering the letter, there is still substantial evidence in the record supporting the ALJ's decision. When presented with new evidence not reviewed by the ALJ when making his decision, but submitted to the Appeals Council, the court must "speculate to some extent on how the administrative law judge would have weighed the newly submitted reports if they had been available for the original hearing," and remand is improper. See Riley v. Shalala, 18 F.3d 619, 622 (8th Cir. 1994); see also Flynn v. Chater, 107 F.3d 617, 621-22 (8th Cir. 1997); Rhodes v. Apfel, 40 F.Supp.2d 1108, 1124-25 (E.D. Mo. 1999). Dr. Tillman's letter was submitted to the Appeals Council (Tr. 11), and, although the Appeals Council does not mention the letter in its opinion (Tr. 6), it presumably considered it when making its decision.

This court must now determine how the ALJ would have weighed the letter written by Dr. Tillman. Here, Dr. Tillman was a treating physician, but deference to a treating physician's opinion is not always required. When determining plaintiff's RFC, "[t]he opinions of the claimant's treating physicians are entitled to controlling weight if

they are supported by and not inconsistent with the substantial medical evidence in the record." Stormo v. Barnhart, 377 F.3d 801, 805 (8th Cir. 2004). "Such opinions are given less weight if they are inconsistent with the record as a whole or if the conclusions consist of vague, conclusory statements unsupported by medically acceptable data." Id.; Singh v. Apfel, 222 F.3d 448, 452 (8th Cir. 2000).

Here, even considering the letter, the ALJ's decision is supported by substantial evidence on the record as a whole. After detailing plaintiff's improving recovery, Dr. Tillman stated in the letter that "[plaintiff] does fatigue at times and I do feel that it is quite reasonable that he have some time that he can recline or rest. At least two times a day would be advisable." (Doc. 15 Ex. A.) This statement is vague, and, therefore, the opinion in the letter can be afforded less weight. See Stormo, 377 F.3d at 805. Dr. Tillman's recommendation is based on plaintiff's own subjective complaints of fatigue, and the doctor only suggested it would be "reasonable" for plaintiff to recline two times a day. (Doc. 15 Ex. A.) This one sentence does not detract from the evidence in the record as a whole, and this court finds that, if the ALJ had considered the letter, he would have found that plaintiff was not disabled.[2] See Riley, 18 F.3d at 622.

The final decision of the Commissioner is supported by substantial evidence. Plaintiff's appeal is denied. An order in accordance with this memorandum is issued herewith.

/s/ David D. Noce
**DAVID D. NOCE**
**UNITED STATES MAGISTRATE JUDGE**

Signed on January 13, 2006.

---

[2]Further, Dr. Tillman's recommendation is strikingly similar to a question posed to the vocational expert at the hearing. When asked "[i]f this individual needed to recline more than once a day, would such work still be possible?", the vocational expert answered "[n]o." (Tr. 42-43.) Therefore, the ALJ had already considered the possibility that plaintiff could not work if required to recline twice a day, and still found plaintiff was not disabled.

-3-